UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 3:23-CR-70 (SVN) |
| | : | |
| v. | : | |
| | : | |
| HAMILTON CLARK SMITH | : | October 25, 2023 |

**GOVERNMENT'S MOTION IN LIMINIE TO PRECLUDE CERTAIN DEFENSES AND ARGUMENT REGARDING MENTAL CONDITIONS**

During a hearing with this Court on October 12, 2023, counsel for the defendant, Hamilton Clark Smith, suggested that alcoholism and/or claims of traumatic brain injury could be relevant to one or more defenses at trial. Those suggestions fall well short of what is required by this Court's Local Rules, the Federal Rules of Criminal Procedure, and the Federal Rules of Evidence before a defendant can raise claims of mental diseases, defects, or conditions that could affect adjudication of guilt or innocence. The lead undersigned Assistant United States Attorney has requested records related to any mental condition since the initial presentment in this case. Yet, the defendant has not informed the United States in writing of any mental defect or condition bearing on the issue of guilt, nor has he filed a formal notice with the Court pursuant to Federal Rule of Criminal Procedure 12.2 regarding expert testimony about the same. As a result, this Court should preclude the defendant from raising certain defenses, arguments, and evidence during trial regarding any mental disease, defect, or condition, including, but not limited to, claims of intoxication, alcoholism, or traumatic brain injury.

I.  **RELEVANT FACTUAL BACKGROUND**

On January 10 and 11, 2023, the defendant sent several violent threats to, among other things, murder a Deputy United States Marshall and injure his family. Agents from the Federal Bureau of Investigation arrested him the next day on a criminal complaint. *See* Criminal Case

Docket, Entries #1-8. After the Court continued the probable cause hearing, the United States sought, and a grand jury returned, an indictment charging the defendant with two threat-related counts on April 25, 2023. *Id.*, Entry 31.

As it is required to do by Federal Rule of Criminal Procedure 16 and this Court's Local Rules and Standing Order on Discovery, the United States produced discovery to counsel for the defendant both before the grand jury returned the indictment, and after. In addition, counsel for the United States has invited discussion regarding any mental condition of the defendant on at least three occasions, including at the time of the defendant's initial presentment on January 12, 2023, during attempts at plea negotiations, and in a letter earlier this month. For his part, defense counsel has not provided any discovery related to the defendant's mental condition, and he has not provided any written notice that he intends to raise such issues during trial. Nevertheless, during the Court's recent hearing on the defendant's motion for permission to apply for support court on October 12, 2023, defense counsel suggested that the defendant's mental condition at the time of the charged offenses could be an issue at trial.

After two continuances of the case on this Court's trial calendar, jury selection is now set to begin on November 28, 2023. *Id.*, Entry dated July 14, 2023.

## II. APPLICABLE RULES AND ARGUMENT

Based on counsel's comments in court on October 12, 2023, it appears that the defendant may raise issues about his intoxication, alcoholism, traumatic brain injury, or other mental conditions, diseases, or defects at trial. Those issues are governed by, among other things, this Court's Local Rules, Federal Rule of Criminal Procedure 12.2(b), and the Federal Rules of Evidence.

This Court's Local Rules and Standing Order on Discovery requires, in Section B, the defendant to produce information within 14 days of receiving the government's discovery. Specifically, it reads, with emphasis added:

> (B)(1) Information Subject to Disclosure. Within 14 days after the attorney for the government provides the discovery required by Paragraph A, defense counsel *shall*:
>
> (a) *inform the attorney for the government in writing whether the nature of the defense is . . . (ii) insanity, mental disease or defect or any other mental condition of the defendant bearing on either (A) the issue of guilt . . .*;
>
> (b) furnish copies or allow the government to inspect or listen to and record items that are impractical to copy, of the following items that are within the defendant's possession, custody or control: . . .
>
>> (ii) results or reports of any physical or mental examinations and of any scientific tests or experiments, if the defendant intends to use the item in the defendant's case-in-chief at trial, or intends to call the witness who prepared the report and the report relates to the witness's testimony; and
>>
>> (iii) a written summary of any testimony that the defendant intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence as evidence at trial, if . . . (ii) the defendant has given notice under Rule 12.2(b) of an intent to present expert testimony on the defendant's mental condition. This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

In addition, Federal Rule of Criminal Procedure 12.2(b) requires notice of expert mental-condition evidence and provides:

> (b) Notice of Expert Evidence of a Mental Condition. If a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on either (1) the issue of guilt . . ., the defendant must—within the time provided for filing a pretrial motion or at any later time the court sets—notify an attorney for the government in writing of this intention and file a copy of the notice with the clerk.

The Local Rules and Rule 12.2(b)'s strict notice requirements exist for good reason, as issues related to a defendant's mental condition could bear upon competency to stand trial or, separately, guilt. As such, upon a defendant's Rule 12.2(b) notice, a court can order competency or other mental-condition examinations, which will take time to conduct and may be the subject of pre-trial litigation. *See* F.R.C.P. 12.2, Advisory Committee Notes ("The objective is to give the government time to prepare to meet the issue, which will usually require reliance upon expert testimony. Failure to give advance notice commonly results in the necessity for a continuance in the middle of a trial, thus unnecessarily delaying the administration of justice."); *see also United States v. Veatch*, 674 F.2d 1217, 1225 (9th Cir. 1981) ("Rule 12.2 is designed to insure that both the defendant and the Government have ample opportunity to investigate the facts of an issue critical to the determination of guilt or innocence." (citation omitted)); Fed. R. Evid. 706 (authorizing the court to appoint expert witnesses). And Rule 12.2(b)'s remedy for a defendant's failure to provide notice or submit to such an examination is equally strict. That is, Rule 12.2(d) enables the court to:

> exclude any expert evidence from the defendant on the issue of the defendant's mental disease, mental defect, or any other mental condition bearing on the defendant's guilt…if the defendant fails to[] give notice under Rule 12.2(b)[] or submit to an examination when ordered under Rule 12.2(c)."

Similarly, Rule 16(b)(1)(C) requires a defendant to give the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence if he has given notice of his intent to present expert testimony regarding the defendant's mental condition.

This Court ordered the parties to file certain substantive pretrial motions by September 5, 2023, *see* Case Docket Entry dated July 14, 2023, and other pretrial motions by October 25,

2023, *see* Instructions for Joint Trial Memorandum (Hon. Sarala V. Nagala), #8 (Motions *in Limine*).

As of the time of this filing on October 25, 2023, the defendant has neither provided written notice to the United States that he intends to raise any mental-condition or defect issue at trial, nor has he filed such a notice with the Court. He has not done so despite counsel for the United States requesting information on the defendant's mental condition on multiple occasions. As a result, the defendant should be precluded from raising, referring to, or introducing evidence about issues related to any purported mental defect or condition during trial, including intoxication, alcoholism, or traumatic brain injury. *See, e.g., United States v. Chen*, 131 F.3d 132 (2d Cir. 1997) (explaining that expert evidence related to a traumatic brain injury had to be noticed pursuant to Rule 12.2 and affirming the district court's exclusion of such evidence where no notice was provided); *United States v. Cervone*, 907 F.2d 332, 346 (2d Cir. 1990) (the theory of voluntary intoxication to negate specific intent crimes must be noticed under Rule 12.2(b)); *United States v. Olson*, 576 F.2d 1267, 1273 (8th Cir. 1978) (Rule 12.2 notice of alcoholism defense was required).

Even if the defendant were to file a notice now—at this late stage—related to any mental-condition or defect defense, he must show good cause to warrant a continuance to enable the government to prepare and respond. *See* Fed. R. Crim. P. 12.2(b) (a court may extend the deadline for filing a mental-condition notice "for good cause"); *see also Cervone*, 907 F.2d at 346 (the burden of showing good cause is on the party seeking a continuance due to late notice under Rule 12.2(b)). There is no good cause in this case. This case has been pending since January 2023—over 10 months. That is more than enough time for defense counsel to investigate any issues related to the defendant's mental defect or condition, file a simple notice with the

United States and the Court, and enable a smooth process for the exchange of discovery and any resulting pretrial litigation. But that did not happen here and the defendant's failure to provide written notice to the United States or this Court of a mental disease, condition, or defect defense should preclude him from such issues, in any form, at trial.

### III.    CONCLUSION

For the reasons set forth above, the Court should preclude the defendant from raising defenses, arguments, and evidence related to intoxication, alcoholism, a traumatic brain injury, or other mental diseases, defects, or conditions at trial.

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

*/s/ Lauren C. Clark*
LAUREN C. CLARK
Federal Bar No. phv09365

DANIEL GEORGE
Federal Bar No. phv207404

ASSISTANT U.S. ATTORNEYS
1000 Lafayette Boulevard, 10th Floor
Bridgeport, CT 06604
Tel: (203) 696-3000

CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2023, a copy of the foregoing was filed electronically with the court and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent to all parties by operation of the court's electronic filing system.  Parties may access this filing through the court's system.

/s/Lauren C. Clark
LAUREN C. CLARK
ASSISTANT UNITED STATES ATTORNEY