

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

| | |
|---|---|
| *Connecticut Financial Center* | *(203)821-3700* |
| *157 Church Street, 25th Floor* | *Fax (203) 773-5376* |
| *New Haven, Connecticut 06510* | *www.justice.gov/usao/ct* |

April 22, 2024

Tracy Hayes, Esq.
Assistant Federal Defender
265 Church Street, Suite 702
New Haven, CT 06510

United States District Court
District of Connecticut
FILED AT   HARTFORD
4/22
Dinah Milton Kinney, Clerk   2024
By
Deputy Clerk

    Re:   *United States v. Hamilton C. Smith*
          Case No. 3:23-CR-70 (SVN)

Dear Attorney Hayes:

    This letter confirms the plea agreement between your client, Hamilton C. Smith (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

**THE PLEA AND OFFENSE**

    In consideration for the benefits offered under this agreement, the defendant agrees to waive his right to be indicted and to plead guilty to a one-count Information charging a violation of 47 U.S.C. § 223(a)(1)(E).

    The defendant understands that, to be guilty of this offense, the following essential elements must be satisfied:

1. The defendant initiated telephone calls and text messages from the state of Connecticut to a state outside of Connecticut;

2. The telephone calls and text messages made by the defendant were repeated;

3. During the telephone calls and text messages, some communications ensued; and

4. The defendant made the telephone calls and sent the text messages solely to harass the victim.

*Tracy Hayes, Esq.*
*Page 2*

## THE PENALTIES

### Imprisonment

This offense carries a maximum penalty of two years of imprisonment.

### Supervised Release

In addition, the Court may impose a term of supervised release of not more than one year to begin after any term of imprisonment. 18 U.S.C. § 3583.

The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to one year per revocation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release.

### Fine

This offense carries a maximum fine of $250,000. The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

### Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the ~~guilty plea is accepted.~~ sentencing. *(initials)*

### Restitution

In addition to the other penalties provided by law, the Court may also order that the defendant make restitution under 18 U.S.C. § 3663, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

### Interest, penalties, and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (i) and § 3612(g). The defendant reserves the right to request that the Court waive interest and penalties as permitted by statute, and the Government reserves the right to oppose any such request.

*Tracy Hayes, Esq.*
*Page 3*

## THE SENTENCING GUIDELINES

Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guidelines determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guidelines application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

*Tracy Hayes, Esq.*
*Page 4*

### Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

### Guidelines Stipulation

The parties agree that Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The parties further agree that the defendant's base offense level under U.S.S.G. § 2A6.1(a)(1) is 12. That level is increased by two under U.S.S.G. § 2A6.1(b)(2) because the offense involved more than two threats.

It is the Government's position that six additional levels are added under U.S.S.G. § 3A1.2(b) because the victims were a government officer or employee and members of the immediate family of that officer, the offense of conviction was motivated by such status, and the applicable Chapter Two guideline is from Chapter Two, Part A (Offenses Against the Person), resulting in an adjusted offense level of 20. In this scenario, three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 17.

It is the defendant's position that U.S.S.G. § 3A1.2(b) is not applicable and thus the adjusted offense level is 14. In this scenario, two levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 12.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category, and corresponding sentencing ranges if this initial assessment proves inaccurate.

It is the Government's position that a total offense level of 17, assuming placement in Criminal History Category I, would result in a Guidelines range of 24 to 30 months of imprisonment (sentencing table), which by operation of the statutory maximum sentence becomes 24 months of imprisonment, and a fine range of $10,000 to $95,000 (U.S.S.G. § 5E1.2(c)(3)). It is the defendant's position that a total offense level of 12, assuming placement in Criminal History Category I, would result in a Guidelines range of 10 to 16 months of imprisonment (sentencing table) and a fine range of $5,500 to $55,000 (U.S.S.G. § 5E1.2(c)(3)). Under either scenario, the defendant also is subject to a Guidelines term of supervised release of one year. U.S.S.G. § 5D1.2.

The defendant reserves his right to seek a departure or a non-Guidelines sentence and reserves the right to object to a departure or a non-Guidelines sentence.

*Tracy Hayes*, *Esq.*
*Page 5*

The Government defers to the Court regarding the imposition of a term of imprisonment. However, the Government intends to advocate that with respect to any term of supervised release or probation, in addition to the mandatory and standard conditions, the Court also should impose special conditions to include intensive inpatient mental health treatment and/or outpatient mental health treatment.

The defendant reserves the right to argue that a fine is not appropriate in this case, and the Government reserves the right to argue that a fine is appropriate in this case.

The defendant understands that the Court is not bound by this agreement on the Guidelines ranges specified above. The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Information to the Court

The parties reserve their rights to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

### Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that he is waiving his right to be indicted.

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following the defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right to Challenge Conviction

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims the defendant might raise, the defendant waives the right to challenge the conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances, the defendant is entitled to challenge his sentence. In consideration for the benefits offered under this agreement, the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, if that sentence does not exceed 24 months of imprisonment, one year of supervised release, a $100 special assessment, a $95,000 fine, and restitution as imposed by the Court, even if the Court imposes such a sentence based on an analysis different from that specified above. Similarly, the defendant will not challenge any condition of supervised release imposed by the Court for which he had notice and an opportunity

*Tracy Hayes, Esq.*
*Page 7*

to object. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

<u>Waiver of Challenge to Plea Based on Immigration Consequences</u>

The defendant understands that pleading guilty may have consequences with respect to his immigration status if the defendant is not a citizen of the United States. Under federal law, non-citizens are subject to removal for a broad range of crimes, including the offense(s) to which the defendant is pleading guilty. Likewise, if the defendant is a naturalized citizen of the United States, pleading guilty may result in denaturalization and removal. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that the guilty plea may entail, even if the consequence is automatic removal from the United States.

The defendant understands that he is bound by the guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to the guilty plea and to the sentence based on those consequences, and agrees not to seek to withdraw the guilty plea, or to file a direct appeal or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on the immigration consequences of the guilty plea, conviction, or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

## **ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA**

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because the defendant is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and the defendant (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which the defendant is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

*Tracy Hayes*, *Esq.*
*Page 8*

The defendant acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights the defendant may have to seek attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which the defendant has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and, in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which the defendant is licensed, or with which the defendant does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of the defendant's participation in the making of harassing phone calls, which forms the basis of the substitute Information in this case. After sentencing, the Government will move to dismiss the original indictment because the conduct underlying the dismissed counts will have been taken into account in determining the appropriate sentence.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw the guilty plea.

*Tracy Hayes*, *Esq.*
*Page 9*

**NO OTHER PROMISES**

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

LAUREN C. CLARK
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

HAMILTON CLARK SMITH                              4/22/24
The Defendant                                     Date

I have thoroughly read, reviewed, and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

TRACY HAYES, ESQ.                                 4/22/24
Attorney for the Defendant                        Date

*Tracy Hayes, Esq.*
*Page 10*

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to the Information:

1. From on or about January 9, 2023 through on or about January 11, 2023, the defendant, Hamilton C. Smith, utilizing a telecommunications device while in Connecticut, sent a series of six text messages to victim, E.S., a Deputy United States Marshal for the District of Connecticut. Some of the messages sent to E.S. read as follows:

   - "I'm gonna track you down, even knowing you couldn't track me down with the help of the government. We will meet face to face, I can't wait."

   - "Better have your service weapon because I won't have any weapon other than my brain and training of 50 years. Your gonna need your firearm when we meet in the future, and you will still loose against me un armed. Get ready and warn all losers like you in the law enforcement field, yup you fucked with the wrong 'good citizen' guy that pays your paycheck fucktard"

   - "You ready for me? Cause I'm gonna find you and beat your ass to the point of no return, you're a pathetic pos and you will be taught a lesson, I'm gonna beat you till your near Death! It's nor a threat it's a promise loser, lock your doors pussy boy I am coming for your ass!"

   - "Your done, you fucked with the wrong person, say goodbye to those you love, your life is now much target fuck tard! Don't even have the balls to call me back? Your a little birch that's gonna catch a serious beating! Yea you so called elvis you better grow eyes in the back of your head! I may even make you pay by hurting your family members, because your scum, be scared little man"

2. In addition, from on or about January 10, 2023 through on or about January 11, 2023, the defendant, Hamilton C. Smith, utilizing a telecommunications device while in Connecticut, placed three calls to E.S. and left three voicemails for E.S. The voicemail messages left by Smith for E.S. are transcribed as follows:

   - "Hey dirtbag, how are ya? Uh.. seems uh um… Your not ready for me. Um… Hopefully your doors are locked. Um.. I'm tracking you down motherfucker. Yeah, yeah me. Hamilton C Smith, I'm tracking you down you fucking piece of shit. I'm going to fuck your ass up. Alright. You better have your fucking service weapon if if. You know what, your not even a real fucking marshal. I know that now. Cause cause you haven't contacted me. I have actually contacted the uh marshal service. You don't exist you fucking piece of shit. I'm going to track you down. You better hope your fucking doors are locked and your windows are locked cause I'm coming for you! Motherfucker! I'm coming for you! I hope your ready. You

fucking weak little piece of fucking shit. I am going to tear your throat out motherfucker. You ready? I hope so"

- "Yeah pussyboy what wha-how come you're not answering your phone now? Mr. Marshal. Huh? I found out about you. Motherfucker. I'm gonna track you down, I'm gonna beat your fuckin ass. 'Til you're an inch… maybe half an inch… from-from-from your life. I will fuckin beat the living shit out of you motherfucker. You better lock your doors. You better fuckin lock your doors, and you better have a fuckin weapon… because nothin's gonna stop me from beatin your ass. You better be a good fuckin shot too. Right between the eyes, that's the only way you're gonna stop me. You fuckin pussy. Call me back! Why don't you call me back? Because you're not real, you're not a Marshal. You're a fucking scumbag. I will track you down… and I will fucking beat your ass to a – half an inch of your life. I will put you in a hospital motherfucker you watch. You watch"

- "Yeah, you ain't no marshal dude, and – and, and not only that why do you not call me back?  Huh? You're supposed to help me with – with – with the problems that I'm having. You seriously fucked up motherfucker. I'm – uh – dude, I'm gonna find you. I'm gonna find you and I am gonna fucking beat you until you're unconscious. Okay. I will smash your fucking head on the pavement until your brain cracks like a fucking egg. Okay. And then I'm gonna fucking rip your eyes out so you'll never be able to see again. I will tear them out with my fucking fingers and I – and – and if it comes to it, I will bite your fucking Adam's apple out and spit it in your fucking face. You're done pal. You're done. I'm coming for you. I hope you never fucking sleep ever – ever fucking sleep knowing I'm coming for you, and I'll fuck with your family too. I don't care if you have kids, a wife, uh – um – nephews, nieces – okay, I'll fuck with them too because you are a fucking scumbag. You're gonna pay a serious fucking price you loser. You don't even have the balls to call me back.  [coughs] You're gonna die motherfucker. You're gonna die and I'm gonna make sure of it"

3. E.S. received each of the text message communications and the voice message communications while in Maryland, on assignment for work as a Deputy United States Marshal.

4. Smith sent the numerous text messages and repeated telephone calls solely to harass E.S.

*Tracy Hayes, Esq.*
*Page 12*

      This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

HAMILTON C. SMITH
The Defendant

LAUREN CLARK
ASSISTANT UNITED STATES ATTORNEY

TRACY HAYES, ESQ.
Attorney for the Defendant

*Tracy Hayes, Esq.*
*Page 13*

## RIDER CONCERNING RESTITUTION

The Court may order that the defendant make restitution under 18 U.S.C. § 3663 as follows:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense:

    A.  Return the property to the owner of the property or someone designated by the owner; or

    B.  If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

    The greater of -
    (I) the value of the property on the date of the damage, loss, or destruction; or

    (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

    A.  Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

    B.  Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

    C.  Reimburse the victim for income lost by such victim as a result of such offense.

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services.

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the Court-ordered restitution, the Court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution also may result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3613A, 3614. Moreover, in the event of default, notwithstanding any installment schedule for the payment of restitution, the Court may order payment of the entire amount of restitution due within 30 days after notification of the default, subject to the provisions of 18 U.S.C. §§ 3572(i) and 3613A.